**In re SEALED CASE.**

**No. 87–5290.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 2, 1988.
Decided Sept. 2, 1988.

Harvey A. Levin, with whom Michael I. Smith and Marc B. Dorfman, Washington, D.C., were on the brief, for appellant.

Thomas G. Sheehan, Attorney, S.E.C., of the bar of the Court of Appeals of the District of Columbia, pro hac vice, by special leave of court, with whom Paul Gonson, Sol., Daniel L. Goelzer, Gen. Counsel and Elizabeth Stein, Counsel, S.E.C., Jay B. Stephens, U.S. Atty., John D. Bates, R. Craig Lawrence, Michael J. Ryan and Charles F. Flynn, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before STARR and WILLIAMS, Circuit Judges, and WEIGEL, Senior District Judge.*

Opinion for the Court filed by Senior District Judge WEIGEL.

WEIGEL, Senior District Judge:

Appellant, a corporation, appeals from the orders of the District Court denying its motion to compel discovery of appellee Securities and Exchange Commission and granting the motions of appellee Department of Justice to intervene and to file an *ex parte* affidavit under seal.[1] We affirm the District Court's orders granting the motions of the Department of Justice, but remand the discovery motion for further consideration.

## I. BACKGROUND

This case arises out of an action pending between private parties in the United States District Court for the Southern District of New York. In that action, appellant seeks damages from several parties for alleged insider trading in the stock of a corporation later acquired by appellant. Appellant alleges that its cost of acquisition was artificially inflated as a result of the illegal insider trading.

In connection with its investigations of insider trading on Wall Street, the SEC had looked into suspicious activity by several defendants in the underlying action. As a result, the Commission accumulated a large quantity of documents. Appellant has received some 40,000 pages of them delivered pursuant to request under the Freedom of Information Act.

Appellant seeks more through a subpoena obtained from the United States District Court for the District of Columbia. The subpoena directs the Commission to designate a witness to testify and produce documents related to alleged insider trading in the stock of the corporation acquired by appellant. Pursuant to the subpoena, the Commission did provide some documents but declared its intention to seek a court ruling that, based upon claims of privilege, it need not produce a small quantity of the documents.

At this point, counsel for appellant and the Commission met and agreed to cancel the oral deposition and proceed on written questions. The SEC agreed to answer a limited number of questions focused on the purchase of stock in the acquired corporation by certain defendants in the underlying action. The SEC reserved the right to object to any of appellant's questions.

Appellant thereafter propounded questions to be answered by the SEC at a deposition on July 13, 1987. Six questions called for production of all evidence of securities laws violations by several defendants in the underlying action. Appendix [App.] 12–13. Appellant later propounded two related, redirect questions. App. 24–26. On July 10, 1987, the Commission notified appellant that it would object to all eight questions as calling for protected attorney work-product and to three (direct questions 2, 3, and 7) on the basis of law enforcement investigatory privilege. The SEC appeared at the deposition, made its objections, and refused to answer.

On August 12, 1987, appellant, pursuant to Federal Rule of Civil Procedure 37, moved to compel the Commission's response. On September 10, 1987, appellee Department of Justice (Department) moved for leave to intervene in opposition. App. 53–66. The Department argued that disclosure of the information would interfere with on-going criminal investigations. The Department also moved for permission to file an *ex parte* affidavit under seal containing "sensitive and confidential information." Supplemental Appendix [Supp.App.] 53.

On September 11, 1987, the District Court granted the Department's motions to

---

* Of the United States District Court for the Northern District of California, sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Both the appellant and the government have requested that the record in this case remain under seal. In order to preserve the confidentiality of on-going civil and criminal investigations, we do not provide the name of appellant and have limited statement of the facts to the minimum consistent with showing the reasons for decision.

intervene and to file an *ex parte* affidavit, and denied appellant's motion to compel. Appellant appeals.

## II. ANALYSIS

### A. *Standard of Review*

■ An appellate court will reverse a district court's discovery orders only for abuse of discretion, that is, "if its actions were clearly unreasonable, arbitrary, or fanciful." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 (D.C.Cir. 1984). The district court has broad discretion to weigh the factors in deciding whether discovery should be compelled. *In re Multi–Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir.1981).

### B. *Intervention of the Department of Justice*

■ Appellant first challenges the District Court's grant of the Department's motions to intervene and to file an *ex parte* affidavit under seal. It is not clear whether the court granted intervention of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Rule 24(b). Even assuming that the requirements for intervention of right were not satisfied, permissive intervention is clearly authorized. The Department's assertion of the law enforcement investigatory privilege involves the same legal question as that asserted by the SEC. Federal Rule of Civil Procedure 24(b)(2).

Appellant's objections to the motions really go to the merits of the Department's assertion of the privilege. However, the Department made a plausible claim of law enforcement investigatory privilege which the District Court properly accepted for the purpose of deciding the motion to intervene. *See United States v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1293 (D.C.Cir. 1980). The District Court's orders granting the Department's motions to intervene

and to file an *ex parte* affidavit under seal are affirmed.[2]

### C. *Asserted Privileges*

#### 1. Law Enforcement Investigatory Privilege

■ The SEC claims the law enforcement investigatory interrogatory privilege to three of appellant's direct questions. To sustain the claim, three requirements must be met: (1) there must be a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege. *Black v. Sheraton Corp. of America*, 564 F.2d 531, 542–43 (D.C.Cir.1977); *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341–42 (D.C.Cir.1984). These conditions ensure that the privilege is presented in a deliberate, considered, and reasonably specific manner. *Friedman*, 738 F.2d at 1342.

■ As a threshold matter, appellant asserts that the privilege applies only to disclosure of documents from law enforcement investigatory files, not to testimony about the information obtained in the files. The Court disagrees. It make little sense to protect the actual files from disclosure while forcing the government to testify about their contents. The public interest in safeguarding the integrity of on-going civil and criminal investigations is the same in both situations. The privilege may be asserted to protect testimony about or other disclosure of the contents of law enforcement investigatory files.

■ The SEC has met the requirements for asserting the privilege. The decision to claim the privilege was made by the agency's Commissioners, who personally re-

---

2. On appeal, the Department tacitly admits that it has not met the requirements independently to assert a claim of law enforcement investigatory privilege. Brief of Appellee United States Department of Justice, 15–16. Instead, the Department seeks to have its affidavits considered in support of the SEC's assertion of the privilege. As we hold below that the SEC has adequately asserted its own privilege, we need not rule on the Department's request nor consider its arguments in opposition to appellant's motion to compel.

viewed the deposition questions at issue. Declaration of Jonathan G. Katz, Secretary of the Securities and Exchange Commission, August 24, 1987, App. 118–21. The Commission also specified the information to which the privilege applied. *Id.* at 118–20.

■ The Commission further explained that disclosure of the information would jeopardize on-going investigations by prematurely revealing facts and investigatory materials to potential subjects of those investigations. *Id.* at 120. In support of this contention, the SEC submitted a lengthy declaration detailing the effect disclosure would have on its ongoing Wall Street investigation. Declaration of John H. Sturc, Associate Director of the SEC Division of Enforcement, August 20, 1987, App. 73, 85–6. In view of appellant's broadly-worded deposition questions, the SEC has asserted the privilege with sufficient specificity and particularity.[3]

■ However, the law enforcement investigatory privilege is qualified. The public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information. *Black,* 564 F.2d at 545; *Friedman,* 738 F.2d at 1341. The process of identifying and weighing the competing interests cannot be avoided. *Friedman,* 738 F.2d at 1342. This Circuit has cited the list contained in *Frankenhauser v. Rizzo,* 59 F.R. D. 339 (E.D.Pa.1973), as illustrative of the factors the district court must consider:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources: (10) the importance of the information sought to the plaintiff's case.

*Id.* at 344; *Friedman,* 738 F.2d at 1342–43.

■ The District Court's order in this case does not show engagement in this essential balancing process. Although a district court has considerable leeway in weighing the different factors, *Multi–Piece Rim Products,* 653 F.2d at 679, the failure to balance at all requires remand to the District Court to consider the respective interests of appellant and the SEC in the information protected by the law enforcement investigatory privilege.

On remand the District Court is not required, *sua sponte,* to consider possible modifications of appellant's discovery request. When the privilege is asserted for documents, as distinct from testimony, the physical nature of the materials requested permits the court to consider application of the privilege to individual files. *See Northrop,* 751 F.2d at 403 (district court must give appropriate consideration to modifying the subpoena for documents to accommodate the interests of the parties); Federal Rule of Civil Procedure 45(b)(1). However, written deposition questions do not lend themselves to modification by the Court. The Court has no duty to rewrite appellant's questions to make them acceptable. Appellant, of course, may redraft its ques-

---

**3.** Appellant argues that the SEC waived any claim of privilege by failing to seek a protective order prior to the deposition, Federal Rule of Civil Procedure 26(c), and by failing to seek a protective order after objecting to the questions, Federal Rule of Civil Procedure 30(d). However, when the claim of privilege is well-taken, appellant's remedy for the SEC's failure to take these procedural steps lies in the fees and sanctions provisions of Rule 37, *Intern. U. of Elec., Etc. v. Westinghouse Elec. Corp.,* 91 F.R.D. 277, 279–80 & n. 4 (D.D.C.1981), not in waiver of the privilege by the SEC.

tions to meet the objections of the government and concerns of the Court.[4] Indeed, this may be a wiser course and lead to appellant's obtaining the desired information more rapidly than by the lengthy process of appeal.

### 2. Attorney Work Product Immunity

 The SEC also asserted attorney work product immunity in the District Court to all eight deposition questions. The SEC maintains its response would require testimony from Commission attorneys on mental impressions of witness interviews conducted in connection with the insider trading investigation. Sturc Declaration, App. 82, 85. The Commission claims that recollections of the interviews, which were made in anticipation of litigation, are protected attorney work product. *See* Federal Rule of Civil Procedure 26(b)(3).

The Commission's position is correct. The work product doctrine reflects the strong public policy against invading the privacy of an attorney's course of preparation. *Hickman v. Taylor,* 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). In *Hickman,* the Supreme Court held that work product immunity extended to oral statements made by witnesses to attorneys "whether presently in the form of mental impressions or memoranda." *Id.* at 512, 67 S.Ct. at 394; *see also Upjohn v. United States,* 449 U.S. 383, 399–401, 101 S.Ct. 677, 687–88, 66 L.Ed.2d 584 (1981). The SEC properly has asserted attorney work product immunity.

 However, the attorney work product doctrine, like the law enforcement investigatory privilege, is a qualified immunity. It is designed to balance the needs of the adversary system to promote an attorney's preparation against society's general interest in revealing all facts relevant to the resolution of a dispute. *In re Subpoenas Duces Tecum,* 738 F.2d 1367, 1371 (D.C.Cir.1984). The Commission's responses can be required if appellant makes out a sufficient showing of necessity for the information and its unavailability by other means. *Upjohn,* 449 U.S. at 400–02, 101 S.Ct. at 688–89. As the work product sought here is based on oral statements from witnesses, a far stronger showing is required than the "substantial need" and "without undue hardship" standard applicable to discovery of work-product protected documents and other tangible things. *Id.* at 401–02, 101 S.Ct. 687–88; Federal Rule of Civil Procedure 26(b)(3); *see also Byers v. Burleson,* 100 F.R.D. 436, 439 (D.D.C.1983) (precise contours of stronger showing not yet resolved).

 The District Court's order does not indicate that appellant's need for the SEC testimony was weighed against the SEC's interest in protecting its attorneys' work product. Therefore, the case must be remanded for consideration of the competing interests.

Accordingly, the District Court's grant of the Department of Justice's motions to intervene and to file an *ex parte* affidavit under seal is affirmed. The District Court's denial of appellant's motion to compel is reversed and the motion is remanded for further proceedings consistent with this opinion.

---

**4.** Appellant persistently has claimed on appeal that it had scaled back its discovery demands from the eight broad original questions to three limited inquiries. However, appellant has failed formally to alter its discovery demands before the District Court. Appellant's reply brief filed with the District Court only offered a summary of appellant's own deductions of what the SEC investigations had found regarding the involvement of certain defendants. While confirmation of this summary by the SEC may serve as the basis of settlement negotiations with the Commission or for a modified discovery request on remand to the District Court, the eight original questions remain before this Court on appeal.