In re **UNITED TELECOMMUNI-**
**CATIONS, INC. SECURI-**
**TIES LITIGATION.**

**Misc. No. 92–105.**

United States District Court,
District of Columbia.

May 1, 1992.

Richard M. Humes, Associate Gen. Counsel, Washington, D.C., James A. Brigagliano, New York City, Asst. Gen. Counsel, Linda B. Stirling, Special Counsel, for Securities and Exchange Com'n.

Cohen, Milstein, Hausfeld & Toll by Steven J. Toll, Daniel A. Small, Washington, D.C., for movants.

Milberg Weiss Bershad Specthrie & Lerach, David J. Bershad, Steven G. Schulman, Lee S. Shalov, New York City, Berger & Montague, P.C., Sherrie R. Savett, Stephen Whinston, Savett, Frutkin, Podell & Ryan, P.C., Stuart H. Savett, Katharine M. Ryan, Philadelphia, Pa., Law Offices of Joseph H. Weiss, Joseph H. Weiss, Kevin Yourman, New York City, for plaintiffs in In re United Telecommunications, Inc. Securities Litigation, No. 90–2251–0 (D.Kan.).

Levin Fishbein Sedran & Berman, Arnold Levin, Kohn, Klein, Nast & Graf, P.C., Dianne M. Nast, Philadelphia, Pa., Law Offices of David Jaroslawicz, David Jaroslawicz, Stull, Stull & Brody, Jules Brody, New York City, Morris, Laing, Evans, Brock & Kennedy, Ken M. Peterson, Eva Powers, Wichita, Kan., Wolf Haldenstein Adler Freeman & Herz, Fred P. Isquith, Lowey Dannenberg Bemporad Brachtl & Selinger, P.C., Richard Dannenberg, Kaufmann Malchman Kaufmann & Kirby, Irving Malchman, New York City, Zlotnick & Thomas, Dennis Johnson, Bala Cynwyd, Pa., Wechsler, Skirnick, Harwood, Halebian & Feffer, Robert Harwood, Garwin Bronzaft Gerstein & Fisher, Bertram Bronzaft, Abbey & Ellis, Arthur N. Abbey, New York City, for plaintiffs in In re United Telecommunications, Inc. Securities Litigation, No. 90–2251–0 (D.Kan.).

Beckett, Lolli, Bartunek & Beckett, Don R. Lolli, Eric C. Sexton, Kansas City, Mo.,

for plaintiffs in In re United Telecommunications, Inc. Securities Litigation, No. 90–2251–0 (D.Kan.).

Stinson, Mag & Fizzell, George E. Feldmiller, Mark S. Foster, Robert O. Lesley, Brant M. Laue, Kansas City, Mo., Heather S. Woodson, Overland Park, Kan., Sprint/United Law Dept., Arthur A. Chaykin, Laura L. Ozenberger, Kansas City, Mo., Paul, Weiss, Rifkind, Wharton & Garrison, Arthur L. Liman, Allan Blumstein, Maria Bainor, Anderson Kill Olick & Oshinsky, P.C., Lawrence Kill, Steven Cooper, New York City, for defendants.

Arvind K. Lal, Special Trial Counsel, U.S. Securities and Exchange Com'n., Washington, D.C., for Securities and Exchange Com'n.

## MEMORANDUM OPINION AND ORDER

OBERDORFER, District Judge.

Movants in this matter are plaintiffs in a securities fraud action brought against United Telecommunications Inc. ("United Telecom") in the United States District Court for the District of Kansas. They have moved to compel documents responsive to a subpoena served on the Securities and Exchange Commission ("SEC"). The SEC claims that the documents are protected by the investigatory law enforcement privilege. For the reasons that follow, the Court concludes that the assertion of the privilege is appropriate, and the motion to compel will therefore be denied.

## I

The subpoena at issue was served on the SEC in September 1991, seeking numerous documents relating to an ongoing SEC inquiry into possible insider trading and other securities violations by United Telecom. Specifically, the subpoena sought the following four categories of documents:

(1) Documents obtained or received by the SEC from United Telecom and other persons in connection with the SEC's investigation.

(2) Transcripts of testimony given in connection with the SEC investigation.

(3) Subpoenas or requests for production of documents issued by SEC staff to United Telecom and other persons in connection with the SEC investigation.

(4) Correspondence between SEC staff and United Telecom and other persons relating to the SEC investigation.

In a letter to movants' counsel in response to the subpoena, the SEC asserted the investigatory law enforcement privilege with respect to all categories of documents, prompting movants' motion to compel.

In its opposition to the motion and in attached declarations, the SEC supports its assertion of the privilege with respect to all documents covered by the subpoena as follows:

> The documents subpoenaed by plaintiffs are all part of an ongoing Commission investigation.... Release of these documents could impair the Commission's investigation by disclosing, among other things, the evidence the Commission has obtained (and has yet to obtain), what matters the staff considers important, what the staff knows, and the strategy the Commission might take should there be a civil enforcement proceeding.... Premature disclosure could also lead to the intimidation of witnesses, the destruction or fabrication of evidence, and the tailoring of defenses and testimony to conform to the evidence.... Moreover, such disclosure could compromise the Commission's position in any settlement discussions resulting from its enforcement efforts.

Memorandum of SEC in Opposition to Motion to Compel ("Opposition") at 7–8; *see also* Declaration of Jeffrey Zuckerman at ¶ 5.[1] Moreover, the SEC states that most

---

1. The SEC's opposition to the motion to compel is supported by two declarations. The first is a declaration of Jonathan Katz, the Secretary of the SEC, which merely establishes that the SEC's invocation of the privilege is the result of the personal consideration of the SEC commissioners, who determined that "production of these documents could adversely affect the Commission's ability to fulfill its enforcement responsibilities." Katz Decl. ¶ 6. The second is a declaration of Jeffrey Zuckerman, the Assistant Regional Administrator for Enforcement in

of the documents sought in the subpoena are obtainable from persons other than the SEC, and argues that movants should be required to "get the same information from other sources without disrupting the Commission's investigation or discovering what information the Commission has." Opposition at 9.

In their reply memorandum, movants concede that the SEC has properly asserted the privilege with respect to all but the following three categories of documents: (a) documents the SEC obtained from United Telecom, (b) subpoenas or requests for production issued by the SEC staff to United Telecom, and (c) correspondence between the SEC staff and United Telecom. *See* Reply Memorandum at 2, 5. These are the only categories of documents that remain in dispute in this matter.

## II

■ The D.C. Circuit recently spelled out the required elements for proper invocation of the investigatory law enforcement privilege:

> To sustain the claim, three requirements must be met: (1) there must be a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege.

*In re Sealed Case*, 856 F.2d 268, 271 (D.C.Cir.1988). The party claiming the privilege has the burden of establishing

these elements. *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C.Cir.1984).

■ This privilege is qualified, however, and can be overcome if there is a compelling need for the information that outweighs the need for confidentiality. *In re Sealed Case*, 856 F.2d at 272. This "process of identifying and weighing the competing interests cannot be avoided." *Id.* The courts have stated that the following ten factors are "illustrative" of the issues that the district court must consider:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the ... investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Id.* (quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973)).

---

the New York Regional Office, which sets forth in more detail the basis for the Commission's invocation of the privilege.

Movants argue that Mr. Zuckerman's declaration should not even be considered because it is the "claiming official" who must state the rationale for asserting the privilege, and the claiming official in this case is Mr. Katz, not Mr. Zuckerman. Reply Memorandum in Support of Motion to Compel at 3 n. 3 (relying on *In re Sealed Case*, 856 F.2d 268, 271 (D.C.Cir.1988); and *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1342 (D.C.Cir.1984)). These cases, however, state only that the privilege

must be formally invoked by the head of the department; they do not say that supporting declarations of staff may not be considered by the court in its evaluation. Indeed, in *In re Sealed Case* it appears that the court considered a staff declaration substantially similar to Mr. Zuckerman's declaration in this case. *See* 856 F.2d at 272 ("In support of this contention [that disclosure would jeopardize its investigation], the SEC submitted a lengthy declaration detailing the effect disclosure would have on its ongoing Wall Street investigation. Declaration of John H. Sturc, Associate Director of the SEC Division of Enforcement....").

### III

■ The SEC has met its initial burden of establishing *prima facie* that the privilege is applicable to the information sought, under the three-part test set forth in *In re Sealed Case:* the privilege has been invoked formally by the Commissioners, speaking through the SEC Secretary, *see* Katz Declaration ¶¶ 4–6; the assertion of the privilege is based on actual personal consideration by the Commissioners, according to the Secretary's declaration, *see id.* ¶ 4; and the SEC has explained why it claims that the information sought properly falls within the scope of the privilege.

■ The Court must still balance the government's desire for confidentiality against the movants' need for the information sought. As to the three narrow categories of documents that remain in dispute after the concessions in movants' reply memorandum, the SEC's explanation of how disclosure of these documents would interfere with its investigatory and enforcement operations is not overwhelming. Because all of these documents were either received from or provided to United Telecom, it is difficult to see how United Telecom would learn anything new as a result of their disclosure to movants. The SEC's memorandum does not state that any person or entity other than United Telecom is a subject of the investigation. Nevertheless, there certainly is *some* risk that the SEC's activities could be impeded if, as the SEC suggests, third parties who have potential liability for the acts under investigation are apprised of the state of the SEC's inquiry into the matter. *See* Zuckerman Declaration at ¶ 5. And beyond that, there is a certain inherent interference in the SEC's operations that results merely from requiring the Commission to divert its attention from its investigation to document production in a private civil action.

More importantly, however, the factors identified by the Circuit in *In re Sealed Case* strongly favor non-disclosure. Movants have not articulated any compelling need for this information. Most importantly, all of the documents identified by movant are most probably in the possession of United Telecom.[2] It seems clear that movants should be required to seek these documents from United Telecom—which is, after all, a party to the underlying Kansas litigation—before serving a subpoena on the SEC. *See In re Sealed Case,* 856 F.2d at 272 (factor (9) inquires "whether the information sought is available through other discovery or from other sources"); *Collins v. Shearson/American Express, Inc.,* 112 F.R.D. 227, 229 (D.D.C.1986) (upholding agency's claim of investigatory law enforcement privilege because, *inter alia,* "plaintiffs have not even attempted to take advantage of some of the possible alternate sources for this information" (footnote omitted)). In addition, the fact that the SEC's investigation is ongoing also favors nondisclosure. *See In re Sealed Case,* 856 F.2d at 272 (factor (6)). In the absence of any showing that these documents are unavailable from United Telecom or that movants have an urgent and compelling need for them, the Court concludes that the motion to compel should be denied.

ORDERED that the motion to compel is DENIED.

---

**2.** The SEC states that it does not have originals of any of the documents that it received from United Telecom; all of the original documents, therefore, probably remained with United Telecom. *See* Zuckerman Declaration ¶ 4. In any event, there is no claim by the movants that the SEC has the original or a copy of any document in the three remaining categories the counterpart of which is not available to United Telecom.