Cara Leslie ALEXANDER,
et al., Plaintiffs,

v.

**FEDERAL BUREAU OF
INVESTIGATION, et
al., Defendants.**

Nos. CIV. 96–2123, CIV. 97–1288(RCL).

United States District Court,
District of Columbia.

March 6, 2000.

Larry Klayman, Judicial Watch, Inc., Washington, D.C., for Plaintiffs or Petitioner.

David W. Ogden, Acting Assistant Attorney General, Wilma A. Lewis, United States Attorney, Anne Weismann, James J. Gilligan, Elizabeth Shapiro, U.S. Department of Justice, Washington, D.C., for Defendants EOP and FBI.

David E. Kendall, Marcie Ziegler, Williams & Connolly, Washington, D.C., for Defendant Hillary Rodham Clinton.

Anne Weismann, David Zaring, U.S. Department of Justice, Brad Wiegmann, Office of the Chief Counsel, U.S. Department of Defense, Washington D.C., for U.S. Department of Defense.

*MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

Plaintiffs move to compel the production of documents and testimony from third-party United States Department of Defense ("DoD" or "Department of Defense"). Specifically, plaintiffs seek documents relating to the DoD's investigation into the release of information from DoD employee Linda Tripp's security clearance form to a reporter from *The New Yorker* magazine. In addition to materials relating to DoD's internal investigation, plaintiffs seek a host of other documents that may not be contained in DoD's investigatory file. Moreover, plaintiffs have requested that DoD produce a custodian of records for deposition. Finally, plaintiffs move for leave to supplement their motion to compel with a letter they received from an anonymous source, and which they contend demonstrates White House involvement in the release. Non-party DoD and the government defendants oppose these motions, coming that the investigatory file materials are shielded from disclosure by the law enforcement privilege and that the other requests fall outside the scope of permissible discovery authorized by the Court. Upon consideration of the memoranda in support of and opposition to plaintiffs' motion, the relevant law, an *ex parte* hearing with the government, and an *in camera* review of the entire investigative file, the Court hereby GRANTS plaintiffs' motion for leave to supplement its motion to compel and GRANTS in part and DENIES in part plaintiffs' motion to compel documents and testimony from the Department of Defense. Non-party Department of Defense's motion for a protective order and to vacate the deposition of custodian of records is DENIED in part and GRANTED in part.

## I. BACKGROUND

The instant matter derives from what has become popularly known as the "Filegate"

case. In "Filegate," plaintiffs allege that their privacy interests were violated when, in 1993 to 1994, the FBI improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations.

The issues before the Court today, however, focus upon a somewhat different allegation of improper conduct—the March 13, 1998 release by the Defense Department of information contained in Linda Tripp's security clearance form to a reporter from *The New Yorker* magazine. By previous order, the Court authorized discovery into the circumstances surrounding the release of Ms. Tripp's background security information, to the limited extent that this inquiry was "reasonably calculated to lead to the discovery of a White House connection to the release of Tripp's private government information." *See Alexander v. FBI*, Civ. No. 96-2123, Memorandum and Order at 6-7 (D.D.C. April 13, 1998). In so ruling, the Court reasoned that discovery into the DoD release might be relevant if it could establish circumstantial evidence of White House misuse of government information, similar to the conduct alleged in Filegate. While authorizing discovery into this "limited area," however, the Court expressly foreclosed the possibility that such discovery would degenerate into a "roving commission" to investigate alleged White House and Executive Branch scandals. *Id.* at 7.

In addressing plaintiffs' first motion to compel targeted at this line of discovery, and after conducting *in camera* review of documents withheld pursuant to the attorney-client privilege and the deliberative process privilege, the Court ordered DoD to produce a number of these documents. *Alexander v. FBI*, 186 F.R.D. 154, 158-65 (D.D.C.1999). At the same time, the Court ordered DoD to produce *in camera* those materials for which it claimed the law enforcement privilege and to submit briefing and declarations explaining how the ten factors set forth in *In re Sealed Case*, 856 F.2d 268, 271 (D.C.Cir.1988)(citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D.Pa.1973)) apply to these documents. *Id.* at 166–168.

Subsequently, in conducting its preliminary *in camera* review of the investigatory files materials, the Court noticed that non-party Department of Defense had produced documents in existence only up to the return date of the Rule 45 subpoena, which was May 6, 1998. While commenting that such an approach was entirely proper, given that a non-party served with a subpoena duces tecum is under no duty to supplement its discovery responses, the Court authorized plaintiffs to serve an additional Rule 45 subpoena on the Department of Defense that would cover any documents post-dating the return date of the original subpoena. *Alexander v. FBI*, Civ. No. 96–21231 97–1288, Memorandum and Order at 2–3 (D.D.C. June 25, 1999) (noting the differing obligations imposed on parties and non-parties under Fed.R.Civ.P. 26(e) and Fed.R.Civ.P. 45(d)). By the same order, the Court required DoD to supplement its previous *in camera* submission of investigatory files with any documents responsive to a subsequent subpoena. *Id.* at 4.

In its second Rule 45 subpoena, issued in June 1999, plaintiffs seek documents not yet produced to the plaintiffs or the Court that relate to DoD's release of information from Linda Tripp's security clearance form. In addition, plaintiffs seek all documents related to the DoD's communications to the media regarding Tripp, all documents relating to Investigative Group, Inc., and its employees including Terry Lenzner and Larry Potts, all documents relating to Anthony Marceca's detailing to the White House, all documents concerning the White House's obtaining of FBI files, reports or other data concerning former Reagan and Bush appointees, all records relating to comments by George Stephanopoulos on the so-called "Ellen Rometsch strategy," and all telephone records documenting calls relating to the aforementioned requests. And, most recently, plaintiffs have moved to supplement their motion to compel with a January 1999 letter written by Les Blake, Chief, Office of FOIA and Privacy at the Department of Defense, to Jay Willer at the U.S. Government Accounting Office. Notably, the letter recounts a March 18 meeting between Blake and the Director of the Defense Security Service, Margaret Munson, in which she criticized Blake for creating a "record" of Clifford Bernath's request for the information from Tripp's file

and remarked that "this is a very serious issue which could involve the impeachment of the President." Exhibit 1, Plaintiffs' Motion for Leave to Supplement Plaintiffs' Motion to Compel Production of Documents and Testimony from the Department of Defense (filed January 4, 2000).

The Department of Defense presents a host of challenges to plaintiffs' second subpoena. To start, DoD asserts that certain of the materials requested under the second subpoena are protected from disclosure by the law enforcement privilege. In addition, to the extent that plaintiffs' requests target materials not covered by the investigatory records privilege, DoD maintains that such requests exceed the scope of the additional Rule 45 subpoena authorized by this Court, as well as the limited scope of discovery allowed against the Department of Defense. Specifically, DoD contends that in its order permitting plaintiffs to serve an additional subpoena, the Court foreclosed them from seeking any information beyond what might be contained in DoD's "investigatory files." Alternatively, DoD asserts that these requests are not "reasonably calculated to lead to the discovery of admissible evidence on the issues of the obtaining and misuse of Tripp's government files," and thus exceed the narrow scope of discovery this Court permitted against the DoD. *Alexander v. FBI*, Civ. No. 96–2123; 97–1288, Memorandum and Order at 6–7 (D.D.C. April 13, 1998). DoD further objects to a deposition of a custodian of records, contending that the Court's previous order only authorized a subpoena duces tecum, that plaintiffs have exceeded the number of depositions allowed by the Local Rules, and that "there is no particular 'custodian of records'" for the DoD.

The government defendants also oppose the second motion to compel. They argue that plaintiffs have exceeded their 20–deposition limit and assert that these requests constitute "general discovery," which was suspended on June 12, 1999 and that any further general discovery would resume only after the resolution of the class certification and scope-of-employment issues.

DoD also opposes plaintiffs' motion for leave to supplement its motion to compel. To start, DoD correctly asserts that it was under no obligation under the first subpoena to produce the Blake letter as it was created after the return date (May 6, 1998). By contrast, however, DoD advances that it is not obligated to produce the Blake letter in response to plaintiffs' second subpoena, despite the fact that it falls within the time period covered by the subpoena, because the DoD has objected to that subpoena in its entirety. Moreover, the DoD asserts that "the Blake letter had nothing to do with, and is not a part of the Inspector General's file produced *in camera* to the Court." Memorandum of Points and Authorities in Support of the Department of Defense's Opposition to Plaintiffs' Motion for Leave to Supplement Plaintiffs' Motion to Compel, at 6 n. 5, (filed January 28, 2000). Thus, according to DoD, the Blake letter was not considered responsive to the subpoena and, hence, was not produced to either the plaintiff or the Court because the discussion recounted in it occurred after the release and thus, had "no bearing on the release itself, as it concerned Blake's creation of a written record of the circumstances of the release, not the specific contents of that record." *Id.* at 8 n. 8. Suffice it to say that the Court is mind-boggled as to how the DoD can seriously maintain that this document was not responsive to a request that asks for the following:

> Any and all records, correspondence, notes, communications or other documents, that have not yet been produced to the Plaintiffs or the Court, concerning or relating to the U.S. Department of Defense's (DoD) and/or the White House's release of information from Linda Tripp's DoD files to reporter Jane Mayer and/or others and any and all attempts to withhold information from the public and/or investigators about the details of that release. . . . (Plaintiffs' Request No. 1)

Simply put, DoD's assertion that the Blake letter is not responsive to this request is incredulous. Moreover, DoD's excessive parsing of the request in order to avoid production of a responsive document calls into question both the adequacy of DoD's search for responsive documents and its good faith efforts to comply with the subpoena.

As explained below, the Court hereby GRANTS in PART and DENIES in part

plaintiffs' motion to compel documents and testimony from non-party Department of Defense. DoD's motions to vacate the notice of deposition of a custodian of records and for a protective order preventing such a deposition are DENIED in part and GRANTED in part.

## II. DISCUSSION

### A. In Camera Review of DoD's Investigative File

Prior to addressing the Department of Defense's law enforcement privilege claim, the Court examined the DoD's investigative file to determine the threshold question of relevance. That is, the Court reviewed the DoD Inspector General's file to assess whether it contained information that is "reasonably calculated to lead to the discovery of a White House connection to the release of Tripp's private government information." *See Alexander v. FBI*, Civ. No. 96–2123, Memorandum and Order at 6–7. Having reviewed the entire investigative file *in camera*, as well as conducting an *ex parte, in camera* hearing with the government regarding the applicability of the law enforcement privilege to these documents, the Court has determined that the materials compiled by the DoD during its investigation into the Tripp release are cumulative, and thus, merely duplicate the circumstantial evidence plaintiffs have already developed or obtained through other discovery in this case. Moreover, the DoD materials contain no direct evidence of improper White House influence or misuse of government information that would be relevant to plaintiffs' allegations in Filegate. Thus, in light of these findings, the Court need not reach the issue of whether the law enforcement privilege would shield these materials from disclosure.[1] Rather, because the Court finds that the materials submitted to

the Court under DoD's claim of law enforcement privilege, do not contain any non-cumulative information reasonably calculated to lead to the discovery of a White House connection to the release, plaintiffs' motion to compel the production of these materials is DENIED. To the extent that plaintiffs' Request No. 1 seeks documents not contained in the investigatory file produced to the Court, however, plaintiffs' motion to compel Request No. 1 is GRANTED.

### B. The Adequacy of the DoD's Search for Responsive Documents

The fact that the DoD's Inspector General files do not contain any direct evidence of White House involvement in the release of the information on Ms. Tripp is hardly surprising, however. To the contrary, such a result may be entirely reasonable, as this investigation was internal, and thus, by its nature, focused exclusively on *DoD,* and not White House, employees. But irrespective of the scope of the DoD's internal investigation, the recent revelation of the Les Blake letter, which was authored in January 1999 (well within the time frame covered by the second subpoena), suggests that the DoD took a somewhat half-hearted approach to determining whether there was improper White House involvement in the release of the information on Tripp. And, at a minimum, the letter demonstrates that DoD has not conducted an adequate search for documents responsive to the second subpoena. Accordingly, a deposition of a custodian of records may be taken in order to address these concerns about the adequacy of DoD's search and compliance with the subpoena. Moreover, DoD mistakenly relies on the Advisory Note to Rule 45 in contending that the Rule 45 presents an "either/or" option with respect to requests for documents or deposi-

---

1. The Court cannot resist noting that the Department of Defense persists in maintaining that the investigation into the Tripp release is "ongoing," notwithstanding the fact that the release occurred on March 13, 1998, almost two years ago. Indeed, the Court finds it impossible to fathom how an internal investigation into such a simple matter could take so long to conclude. Likewise, the "ongoing" nature of the investigation appears equally implausible given the fact that the Tripp release presents such a clear violation of the Privacy Act, as this Court has previously

noted. And, finally, the DoD's position is further undercut by its complete failure to offer the Court any credible evidence whatsoever that demonstrates that the investigation, in fact, continues in good faith. Thus, had this Court reached the issue of the DoD's law enforcement privilege claim, which requires district courts to consider, *inter alia,* whether an investigation is ongoing, *In re Sealed Case,* 856 F.2d at 268 272, this Court would been forced to conclude that DoD's claim that this investigation is "ongoing" fails.

tion. To the contrary, the text of the Rule itself makes plain that no such election is contemplated. *See* Fed.R.Civ.P. 45(a)("A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at a deposition, or may be issued separately."). Accordingly, plaintiffs' motion to compel testimony from a custodian of records of the Department of Defense is granted in order for such person, or persons, to address the adequacy of the DoD's search for documents responsive to the second subpoena.

### C. *Plaintiffs' Motion to Compel Documents from DoD*

As noted above, discovery from DoD was to be limited to methods "reasonably calculated to lead to the discovery of a White House connection to the [DoD's] release of Tripp's private government information." *Alexander v. FBI,* 186 F.R.D. at 157. By contrast, any discovery targeting information beyond the issue of the DoD release on Ms. Tripp constitutes general discovery, which has been suspended pending the Court's resolution of the class certification and scope-of-employment issues under the Westfall Act. Accordingly, to the extent that plaintiffs' requests for documents under the second subpoena seek documents pertaining to Ms. Tripp and the release of information about her by DoD, such requests are proper and plaintiffs' motion to compel shall be granted. In addition, the Court will authorize Plaintiffs' Request No. 4, which seeks documents pertaining to the detailing of Anthony Marceca to the White House, as this request comprises additional and proper discovery regarding the scope-of-employment issues.

Plaintiffs' document requests in the second subpoena seek the following:

*Plaintiffs' Request No. 1:* Any and all records, correspondence, notes, communications or other documents, that have not yet been produced to the Plaintiffs or the Court, concerning or relating to the U.S. Department of Defense's (DoD) and/or the White House's release of information from Linda Tripp's DoD files to reporter Jane Mayer and/or others and any and all attempts to withhold information from the public and/or investigators about the details of that release. . . .

*Plaintiffs' Request No. 2:* Any and all records, correspondence, notes, communications or other documents that have not yet been produced to the Plaintiffs' or the Court, concerning or relating to communications to or from any member of the media concerning or relating to Linda Tripp.

*Plaintiffs' Request No.3:* Any and all records, correspondence, notes, communications or other documents that have not yet been produced to the Plaintiffs' or the Court, concerning or relating to Investigative Group, Inc. (IG), its employees and/or any agents thereof, including but not limited to, Terry Lenzner, and Larry Potts.

*Plaintiffs' Request No. 4:* Any and all documents or communications concerning or relating to the detailing of Anthony Marceca to the White House.

*Plaintiffs' Request No.5:* Any and all records, correspondence, notes, communications or other documents concerning or relating to the Clinton White House's obtaining of FBI background investigation files, FBI summary reports, or FBI raw data on former Reagan and Bush Administration appointees.

*Plaintiffs' Request No. 6:* Any and all records, correspondence, notes, communications or other documents concerning or relating to comments made by George Stephanopoulos about the Ellen Rometsch strategy on the February 8, 1998 edition of ABC's "This Week."

*Plaintiffs' Request No. 7:* Any and all telephone records documenting or demonstrating telephone calls concerning or relating to each of the requests listed above.

On their face, Plaintiffs' Requests Nos. 1 and 2 deal with information relating to Ms. Tripp. Accordingly, these requests appear "reasonably calculated to the discovery of a White House connection to the [DoD's] release of Tripp's private government information," and therefore, shall be permitted. *Alexander v. FBI,* 186 F.R.D. at 157. Specifically, Plaintiffs' request No.1 is relevant because, to the extent that responsive documents exist outside the DoD Inspector General's investigative files, such materials would bear directly on whether there was

any improper action on the part of the White House concerning the release. Similarly, plaintiffs' request No.2 is proper because DoD's communications with the media regarding Tripp lie at the heart of the permissible discovery from the DoD, *i.e.*, DoD's release to *The New Yorker*. Plaintiffs' Request No. 3 will also be allowed, but only to the extent that the materials requested regarding Investigative Group, Inc., or its employees, is directly linked to the Tripp issue. Investigative Group, Inc., was hired by President Clinton's attorneys to work on his defense in the Paula Jones and Monica Lewinsky matters. Thus, to the extent any documents relating to the DoD–Tripp release even exist and are in DoD's possession, such materials may be relevant to demonstrate an unofficial connection between the DoD and the White House.

In addition to the requests directed at the precise issue of the DoD–Tripp release, the Court will also authorize Plaintiffs' Request No. 4, which seeks documents relating to Anthony Marceca's detailing to the White House, despite the fact that this request has been made rather late. The requested materials concerning Marceca are relevant to the scope-of-employment issues pending before the Court. Marceca went to the White House from the Department of Defense and is alleged to be primarily responsible for obtaining the FBI files that are the subject of this suit.

With respect to Plaintiffs' Requests Nos. 5 and 6, the Court finds that these requests seek general discovery, which remains suspended pending the resolution of class certification and scope-of-employment. As such, plaintiffs' motion to compel responses to these requests is denied.

As to plaintiffs' final request, No. 7, which seeks telephone records relating to the document requests, the Court will grant plaintiffs' motion to compel, but only for those records relating to requests Nos. 1, 2, 3 and 4, which are authorized by this order.

## III. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS in part and DENIES in part Plaintiffs' Motion to Compel Production of Documents and Testimony from the Defense Department; and it is further

ORDERED that Plaintiff's Motion to Show Cause is deemed WITHDRAWN; and it is further

ORDERED that Plaintiff's Motion for Leave to Supplement Plaintiffs' Motion to Compel Production of Documents and Testimony from the Department of Defense is GRANTED; and it is further

ORDERED that Plaintiff's Motion to Extend Time to 2/14/00 to File A Reply to Department of Defense's Opposition to Plaintiffs' Motion for Leave to File Supplement to Motion to Compel is GRANTED; and it is further

ORDERED that Non-party Department of Defense's Motion for Protective Order is DENIED in part and GRANTED in part; and it is further

ORDERED that Non-party Department of Defense's Motion to Vacate the Deposition of the Custodian of Records is DENIED; and it is further

ORDERED that the Non-party Department of Defense shall search for and produce the additional documents sought by plaintiffs no later than twenty (20) days from this date.

SO ORDERED.