Derek L. WATERS, Plaintiff,

v.

UNITED STATES CAPITOL POLICE BOARD, Defendant.

No. CIV.A.01–0920 (RMC/JMF).

United States District Court,
District of Columbia.

Nov. 21, 2003.

Douglas Benjamin Huron, James Harold Heller, Heller, Huron, Chertkof, Lerner, Simon & Salzman, Washington, DC, for Plaintiff.

Laurie J. Weinstein, U.S. Attorney's Office, Washington, DC, for Defendant.

**MEMORANDUM ORDER**

FACCIOLA, United States Magistrate Judge.

The defendant has now made available to me certain documents *in camera* so that I can ascertain whether they are protected from disclosure by the law enforcement and deliberative process privileges.

As I explained in an earlier opinion, *Waters v. United States Capitol Police Board,* 216 F.R.D. 153 (D.D.C.2003), the plaintiff was a recruit for the U.S. Capitol Police. He was accused of changing an answer on an exam and thereby engaging in conduct unbecoming an officer. That accusation led to two investigations: one focused on whether he had changed his answer, and a second followed his complaint that the conclusion reached was racially motivated.

During the course of these investigations, the two investigating officers took notes of their interviews of witnesses who saw what happened on the day that Waters was accused of changing his answer. The defendant asserts that these documents are protected from disclosure by the law enforcement privilege, and this assertion requires me to consider whether the societal interest in preserving the confidentiality of these notes trumps plaintiff's demand to examine them to prosecute his discrimination complaint. *Waters,* 216 F.R.D. at 164. I am to make this determination by weighing against each other the following factors:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their

---

identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Tuite v. Henry,* 98 F.3d 1411, 1417 (D.C.Cir. 1996) (citing *In re Sealed Case,* 856 F.2d 268, 272 (D.C.Cir.1988)) (further citations omitted).

In my view, a weighing of these factors compels disclosure. First, the information is purely factual, not evaluative. Second, Waters is not a defendant in a criminal case, the departmental discipline against him has already taken place, and the investigations into claims that he changed his answer or that the decision to discipline him was racially motivated are finished. I have no reason to doubt that plaintiff and his counsel have brought this case in good faith, consistent with Federal Rule of Civil Procedure 11. All of the persons interviewed are either employed by the Capitol Police or failed to complete their training and have been discharged. They are certainly in no physical danger if their identities and their statements are now disclosed, nor do I see how they could be embarrassed by disclosure of the fact that they cooperated with the investigations or by what they said. Disclosure that they cooperated with the investigations cannot possibly deter others from doing so. Those who become police officers or want to be become police officers have no choice but to cooperate with their superiors' investigations of misbehavior by their fellow officers whether they want to or not. Because the data are purely factual, I see no impact whatsoever on the government's ability to engage in candid self-evaluation of the interview notes.

Finally, these are notes taken by skilled investigators of eyewitnesses to the events that led to the charge that plaintiff changed an answer on his exam. It is therefore hard to exaggerate how important they are to plaintiff's case; they are its very heart and soul. Additionally, the notes have great value for impeachment purposes if the witnesses testify inconsistently with what the notes show they told the investigators. Thus, their value to plaintiff easily trumps all other pertinent considerations and compels their disclosure.

### Deliberative Process Document

There is a four-page memorandum from Captain Frank Ziemba to the Assistant Chief that defendant claims to be protected by the deliberative process privilege. In my previous opinion, I indicated the reason why I believed that the deliberative process privilege did not apply to this document. *Waters,* 216 F.R.D. at 163–164. In an excess of caution, I decided not to make a final decision until I saw the document itself. I have done so, and I am now certain that the deliberative process privilege does not apply to a document, such as this one, that speaks to a particular investigation rather than the adoption of a policy that applies to all cases of a particular nature or type. *Id.* at 163. Additionally, I remain firm in my conclusion that this Circuit does not permit the application of the deliberative process privilege to thwart discovery of information in a case in which a plaintiff challenges governmental action as discriminatory. *Id.*

### Conclusion

All documents made available to me *in camera* shall now be disclosed to plaintiff.

**IT IS SO ORDERED.**