Roy BANKS, Plaintiff,

v.

OFFICE OF THE SENATE SERGEANT-AT–ARMS AND DOORKEEPER, Defendant.

Nos. Civ.A. 03–56 (HHK/JMF), Civ.A. 03–686 (HHK/JMF), Civ.A. 03–2080 (HHK/JM).

United States District Court, District of Columbia.

May 23, 2006.

18

William P. Farley, McDonald & Karl, John F. Karl, Jr., Karl & Tarone, Washington, DC, for Plaintiff.

Matthew Daniel Keiser, Dawn R. Bennett–Ingold, Office of Senate Chief Counsel for Employment, Washington, DC, for Defendant.

Eilin J. Chiang, Peter Ames Eveleth, Library of Congress Office of Compliance, Washington, DC, for Third Party Defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

These consolidated cases were referred to me by Judge Kennedy for full case management. Currently pending before me is the issue of whether defendant, the Office of the Senate Sergeant–at–Arms and Doorkeeper (the "SSA"), must produce certain documents claimed to be privileged and submitted for *in camera* review pursuant to my November 1, 2005 order. *See Banks v. Office of the Sen-*

*ate Sergeant–at–Arms,* No. 03–56 (D.D.C. Nov. 1, 2005) (order). For the reasons stated herein, I find that most, but not all, of the documents are shielded from discovery by either the work product doctrine or the attorney-client privilege or both.

Also pending before me is *Plaintiff's Unopposed Motion to Expedite Decision for Production of Non–Privileged Documents and to Set Schedule for Summary Judgment Briefing and Memorandum in Support* ("Motion to Expedite and Set Schedule"). For the reasons stated herein, plaintiff's motion will be denied.

## BACKGROUND

Plaintiff brought these now consolidated lawsuits alleging that his employer, the SSA, engaged in several unlawful employment actions. *See Banks v. Office of the Senate Sergeant–at–Arms,* 222 F.R.D. 7, 9 (D.D.C. 2004). The parties have engaged in substantial litigation regarding discovery. In this memorandum, I resolve the issue of whether certain documents, submitted by the SSA for *in camera* review, can be withheld from discovery because they are covered by the work-product doctrine, the attorney-client privilege, or both.

## DISCUSSION

### I.  *IN CAMERA* REVIEW

#### A.  The Work–Product Doctrine

As the Supreme Court has stated, "it is essential [to our adversarial system] that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 91 L.Ed. 451 (1947). If a lawyer's work product were "open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own." *Id.* at 511, 67 S.Ct. 385.

■ In light of these important interests, Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that materials prepared in anticipation of litigation or for trial by an attorney or a party are protected from

disclosure and they may be subject to discovery only upon a showing of substantial need and the inability to obtain the substantial equivalent without undue hardship. Fed. R.Civ.P. 26(b)(3). The court must take particular care to protect the "mental impressions, conclusions, opinions, or legal theories of an attorney." *Id. See also Tax Analysts v. Internal Revenue Serv.,* 117 F.3d 607, 619 (D.C.Cir.1997). Attorney mental impressions, conclusions, opinions, and legal theories may be reflected in interviews, statements, memoranda, correspondence and in countless other tangible and intangible ways. *Hickman,* 329 U.S. at 511, 67 S.Ct. 385. These materials, known as opinion work product, "are entitled to special protection and require a stronger showing of necessity to justify release ... although the precise contours of this showing have not been resolved." *Byers v. Burleson,* 100 F.R.D. 436, 439 (D.D.C.1983) (citing Fed.R.Civ.P. 26(b)(3) and *Upjohn Co. v. United States,* 449 U.S. 383, 400–01, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). *See also In re Sealed Case,* 856 F.2d 268, 273 (D.C.Cir.1988).

■ In reviewing documents claimed to be protected by the work product doctrine, the court must determine "whether, in light of the nature of the document or the factual situation in a particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *Equal Employment Opportunity Comm'n v. Lutheran Soc. Servs.,* 186 F.3d 959, 968 (D.C.Cir.1999) (emphasis added). *See also Willingham v. Ashcroft,* 228 F.R.D. 1, 4 (D.D.C.2005). If the same or essentially similar documents would have been created whether or not litigation was foreseen, " 'it [cannot] fairly be said that they were created "because of" actual or impending litigation.' " *Willingham,* 228 F.R.D. at 4 (quoting *United States v. Adlman,* 134 F.3d 1194, 1202–03 (2d Cir.1998)).

#### B.  The Attorney–Client Privilege

■ In this circuit, "the attorney-client privilege is narrowly circumscribed to shield from disclosure only those communications from a client to an attorney made in confidence and for the purpose of securing legal

**20**

advice." *Evans v. Atwood*, 177 F.R.D. 1, 3 (D.D.C.1997) (citing *Tax Analysts*, 117 F.3d at 617); *In re Sealed Case*, 737 F.2d 94, 98 (D.C.Cir.1984). Communications from the attorney to the client are protected only insofar as the attorney's communication discloses an attorney-client privileged communication *from* the client. *Evans*, 177 F.R.D. at 3 (citing *Brinton v. Dep't of State*, 636 F.2d 600, 603–04 (D.C.Cir.1980)). The purpose of the privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of the law and administration of justice." *Upjohn*, 449 U.S. at 389, 101 S.Ct. 677. Moreover, the privilege "rests on the need for the advocate to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Id.*

### C. Specific Issues Regarding the Application of the Privileges to the SSA Documents

The documents submitted for *in camera* review generally fall into six categories.

■ First, there are e-mails and attorney memoranda reflecting communications from the SSA to counsel in which the SSA expressly sought legal advice. A review of these documents indicates that the SSA intended the communications to be confidential. Although some of the e-mails are *from* counsel *to* the SSA, those e-mails tend to reveal the substance of the underlying confidential communication *from* SSA. Therefore, this first group of documents is clearly protected under the attorney-client privilege.

■ Second, many of the documents consist of counsel's notes and memoranda of interviews and conversations with SSA employees. These interviews and conversations were conducted as part of the SSA's defense of plaintiff's lawsuits. Accordingly, these notes and memoranda were clearly prepared because of litigation or the prospect thereof. Moreover, these notes reveal counsel's mental impressions and litigation strategy because they reveal who counsel thought important to interview, what questions counsel thought important to ask, and what information counsel thought important to memorial-ize. *See Hickman*, 329 U.S. at 512–13, 67 S.Ct. 385. Therefore, this first group of documents is clearly protected under the work product doctrine and the SSA will not have to produce them.

■ The documents in this second category are also attorney-client privileged. Counsel's notes and memorandum of the employee interviews and conversations clearly reveal what the employees told counsel. These interviews and conversations were an integral part of the process of providing information to counsel so that counsel could provide the sought after legal representation (*i.e.*, representing the SSA in this litigation) and appear to have been intended to be confidential. As the Supreme Court has explained: "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn*, 449 U.S. at 390, 101 S.Ct. 677. In the context of a corporation or a government entity, this information is necessarily provided by the client's employees. *Id.* at 391, 101 S.Ct. 677. Therefore, when SSA employees met or spoke with counsel to provide information to enable counsel to represent the SSA in this litigation, those communications are privileged. As I have previously explained in this lawsuit:

> An attorney-client relationship may exist between an institution or organization and its counsel. A corporation may claim an attorney-client privilege for confidential communications made by its employees to corporate counsel in order to permit counsel to render legal services or legal advise to the corporation. There is no doubt that government agencies have the same privilege.

*Banks v. Office of the Senate Sergeant–at–Arms*, 222 F.R.D. 1, 3 (D.D.C.2004) (citing *Evans*, 177 F.R.D. at 3). Therefore, the first group of documents is also protected under the attorney-client privilege and the SSA will not have to produce them.

■ Third, there is correspondence between counsel and SSA employees that, although not explicitly seeking legal advice,

implicitly were made in order to enable counsel to provide legal advice and services. In these documents, the SSA provides information and updates so that its counsel will have the information that they need to provide the sought after legal services and advice. If I were to deny the attorney-client privilege as to these documents, the nature of the guidance the SSA sought from its counsel would be revealed and, in effect, nullify the privilege that I sustained as to the documents in which legal advice was expressly sought. As just discussed, it is clear that these communications were intended to be confidential and were part of the process by which the SSA secured legal services from its counsel. *See Upjohn,* 449 U.S. at 390, 101 S.Ct. 677.

██ Fourth, there are e-mails containing the SSA's counsel's instructions and questions regarding litigation matters, such as responding to plaintiff's interrogatories and gathering relevant information and documents. These e-mails were clearly prepared because of litigation. Moreover, they reveal counsel's mental impressions and litigation strategy. Accordingly, the documents that reflect the process by which defense counsel prepared this case constitute highly protected opinion work product and defendant need not produce these documents.

██ Fifth, there are exchanges of drafts between the SSA and its counsel. Depending on the individual document, these drafts may be protected by the attorney-client privilege, the work product doctrine, or both. For example, many of the documents contain requests from the SSA for attorney review of a draft letter or employment related document. Based on my *in camera* review, it appears that these requests for attorney review were intended to be confidential and, therefore, are protected by the attorney-client privilege. There are also drafts containing counsel's edits and comments. Where counsel was involved in drafting and editing these documents, the drafts are clearly work product because the edits and commentary tend to reveal counsel's opinions and

mental impressions. *See Nesse v. Pittman,* 202 F.R.D. 344, 351 (D.D.C.2001) ("If [counsel] modifies the draft, comparing the draft with the modified final discloses her mental processes if the changes are more than typographical. If [counsel] files the draft and never sends it, the draft discloses her mental processes in the most obvious way.") Therefore, such drafts are protected by the work product doctrine.

██ Finally, there are several documents that consist of letters, facsimiles, or e-mails forwarding documents from SSA employees to counsel. While the fact of the transmittal might be attorney-client privileged, such transmittal does not shield from discovery the forwarded documents. The forwarded documents are only privileged if they would have been privileged in the hands of the SSA. As the Supreme Court has explained:

> The [attorney-client] privilege protects only those disclosures necessary to obtain legal advice which might not have been made absent the privilege. This Court and the lower courts have thus uniformly held that pre-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain informed legal advice.

*Fisher v. United States,* 425 U.S. 391, 403–04, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Accordingly, to the extent that the forwarded documents are independently responsive to plaintiff's document requests, have not already been produced, and are not otherwise privileged, they must be produced.

### D.   Chart and Abbreviated Notations

In the interest of clarity, I have included in this memorandum two charts. The first summarizes various abbreviations I have used to describe my analysis of the materials. The second lists each document submitted for *in camera* review and my rulings on each assertion of privilege.

| Abbreviated Notation | Explanation |
| --- | --- |
| Opinion work product | Document appears to have been prepared for trial or in anticipation of litigation and reflects counsel's mental impressions. The SSA's claim of work product protection is sustained. |

| | |
|---|---|
| Not because of litigation | Based on information provided by defendant, the document cannot fairly be said to have been prepared or obtained because of the prospect of litigation or for trial. The SSA's claim of work-product privilege is denied. |
| Reveals confidential communication made in furtherance of legal services | Document reveals a communication from the SSA to counsel that was intended to be confidential and made, either explicitly or implicitly, for the purpose of obtaining legal advice or services. The SSA's claim of attorney-client privilege is granted. |
| Does not reveal confidential communication made in furtherance of legal services | Document does not disclose a communication from the client that the client intended to be confidential and made for the purpose of obtaining legal advice or services. The SSA's claim of attorney-client privilege is denied. |

| Bates # | Privilege Claimed | Ruling | Reason |
|---|---|---|---|
| RB000003–RB000004 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB00316 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001105 | Work Product | Sustained | Opinion work product |
| RB001106 | Work Product | Sustained | Opinion work product |
| RB001107–RB001111 | Work Product | Sustained | Opinion work product |
| RB001112–RB001114 | Work Product | Sustained | Opinion work product |
| RB001121 | Attorney–Client | Denied | Does not reflect a confidential communication from a *client* [1] |
| | Work Product | Sustained | Opinion work product |
| RB001132 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001133 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001134–RB001135 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001143 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| RB001144 | Attorney–Client | Denied | Does not reflect a confidential communication from a *client*. *See* footnote 1, *supra.* |
| RB001145 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001154–RB001156 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001157–RB001159 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001160–RB001169 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001182–RB001184 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |

1. "The attorney-client privilege only applies to communications that are the product of an attorney-client relationship and maintained as confidential between the attorney and the client. *Brinton,* 636 F.2d at 603. The mere fact that the person whose opinion is sought is an attorney does not create a privileged communication." *Tri–State Hospital Supply Corp. v. United States,* No. 00–1463, 2005 WL 3447890, at *3 (D.D.C. Dec.16, 2005).

| | Work Product | Sustained | Opinion work product |
|---|---|---|---|
| RB001195 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001198–RB001199 | Attorney–Client | Sustained/Denied | Sustained as to the 12:02 PM and 11:46 AM e-mails, which reveal confidential communication made in furtherance of legal services; denied as to the 11:21 AM and 9:54 AM e-mails, which do not reveal confidential communication made in furtherance of legal services |
| RB001203 | Work Product | Sustained | Opinion work product |
| RB001204 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001210 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001255 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001256 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001257 | Work Product | Sustained | Opinion work product |
| RB001266–RB001272 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001273–RB001290 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001298–RB001303 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001355 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001356 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001357 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001360 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001361–RB001372 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001373 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001374 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001378 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001459– | Attorney–Client | Sustained | Reveals confidential communication made |

| | | | |
|---|---|---|---|
| RB001471 | | | in furtherance of legal services |
| RB001472 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001473 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001474 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001475–RB001477 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001496 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001502–RB001503 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001504–RB001506 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001507 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001508 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001509 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001510 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001511 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001513 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001516 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001534–RB001535 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001536–RB001538 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001705–RB001707 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001717–RB001734 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001736 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001737 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001738 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001739–RB001742 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001761 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001762 | Attorney–Client | Sustained | Reveals confidential communication made |

| | | | in furtherance of legal services |
|---|---|---|---|
| | Work Product | Sustained | Opinion work product |
| RB001763–RB001770 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001784–RB001785 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001786 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001787–RB001791 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001792 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001794 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001795–RB001796 | Attorney–Client | Sustained/Denied | Sustained for the first page, which reveals confidential communication made in furtherance of legal services; denied for the second page, which does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB001801 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001882–RB001884 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB001889–RB001890 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| RB001966 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002001 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002002–RB002003 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002005–RB002007 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002008–RB002010 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002031–RB002036 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002053–RB002054 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002055 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002056–RB002057 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB005058–RB002069 | Work Product | Sustained | Opinion work product |
| RB002073–RB002075 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |

| | | | |
|---|---|---|---|
| RB002109 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002110 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002112 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Denied | Not because of litigation |
| RB002113–RB002118 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002163–RB002166 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002167 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002168 | Work Product | Sustained | Opinion work product |
| RB002173–RB002174 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002213 | Work Product | Sustained | Opinion work product |
| RB002217–RB002219 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002220 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002221–RB002222 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002270–RB002272 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002273 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002274 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| RB002276 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002277–RB002279 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002280–RB002282 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002283–RB002285 | Attorney–Client | Sustained | Reveals confidential communication made furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002286–RB002288 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002289–RB002290 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002291 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002292–RB002299 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |

| | | | |
|---|---|---|---|
| RB002300–RB002302 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002303–RB002304 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002307 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002308 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002309 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002318 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002324 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002325 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002326–RB002345 | Attorney–Client | N/A | Insufficient information [2] |
| RB002348–RB002353 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002354 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002359–RB002360 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002361 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002370–RB002371 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002380 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002385–RB002386 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| RB002387–RB002388 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002409 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002473–RB002475 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002497–RB002500 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002503 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |

**2.** Neither the description of this document on the SSA's privilege log nor the face of the document provides enough information to determine whether it is attorney-client privileged. As will be discussed later in this opinion, the SSA is instructed to file an *in camera* statement explaining why it believes this document is privileged.

| | | | |
|---|---|---|---|
| RB002505 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002542 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002558–RB002559 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002573–RB002574 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002736 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002925–RB002926 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002927–RB002928 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002929 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002930 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002931 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002932 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002933–RB002934 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002936–RB002937 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002938–RB002942 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002960 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002961–RB002962 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB002963–RB002965 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002966–RB002969 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002970–RB002972 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002973 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| RB002974–RB002975 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |

| | | | |
|---|---|---|---|
| | Work Product | Sustained | Opinion work product |
| RB002976–RB002979 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002980–RB002981 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002982 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002983 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002984–RB002985 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002986 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002997 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002998 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB002999–RB003000 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB003001 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003002 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003003–RB003004 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003005 | Attorney–Client | N/A | Innocuous [3] |
| | Work Product | | |
| RB003020–RB003021 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003022 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB003025 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| RB003028 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Denied | Not because of litigation |
| RB003052 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003053 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |

3. Sustaining privilege for this document would trivialize the work product doctrine and the attorney-client privilege. However, because this document contains no information of use to this litigation, I will not order it produced.

| | Work Product | Sustained | Opinion work product |
|---|---|---|---|
| RB003054 | Work Product | Sustained | Opinion work product |
| RB003055 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003059 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003065 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003124 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB003125 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003126 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003127–RB003128 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB003132–RB003134 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003135–RB003136 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003156 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003168–RB003170 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003171 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003172 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003174–RB003176 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003179–RB003180 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003181 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003182 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003183 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003184 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |

| | | | |
|---|---|---|---|
| RB003288 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB003290–RB003298 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003562–RB003569 | Attorney–Client | Sustained/Denied | Sustained for the cover e-mail, which reveals confidential communication made in furtherance of legal services and opinion work product; denied for the attached documents unless otherwise privileged or nonresponsive |
| | Work Product | Sustained/Denied | |
| RB003590–RB003595 | Attorney–Client | Sustained/Denied | Sustained for the cover note, which reveals confidential communication made in furtherance of legal services and opinion work product; denied for the attached documents unless otherwise privileged or nonresponsive |
| | Work Product | Sustained/Denied | |
| RB003597–RB003599 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003600 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003622–RB003624 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003625–RB003626 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003657–RB003658 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003659 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003660 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003661 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003662–RB003664 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003665–RB003667 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003669–RB003670 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003671 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003672–RB003686 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |

| | | | |
|---|---|---|---|
| RB003692 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB003694 | Attorney-Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003695 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003696–RB003705 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003706 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003707 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003755 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB003756 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB004609 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004610–RB004611 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004613 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004614 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004615–RB004616 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004617–RB004628 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004632–RB004633 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004634 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB004635–RB004640 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB006242–RB006244 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB007032 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB007033–RB007034 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |

| | | | |
|---|---|---|---|
| RB007035–RB007036 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB007045–RB007058 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB007059–RB007078 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB007079–RB007092 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB007816–RB007824 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB007825–RB007839 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008416 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008419 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008625 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB008646–RB008649 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB008943 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008945 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008946–RB008948 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008949 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008950–RB008955 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008978 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008979–RB008991 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008982–RB008985 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008990–RB008992 | Work Product | Sustained | Opinion work product |
| RB008993–RB008994 | Work Product | Sustained | Opinion work product |
| RB008995– | Attorney–Client | Sustained | Reveals confidential communication made in |

| | | | |
|---|---|---|---|
| RB008997 | | | furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB008998– RB008999 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB009002– RB009005 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB009009– RB009012 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB009393– RB009394 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB009410– RB009411 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB009412 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB009414 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB009420– RB009422 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB009642 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB012773 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB012855 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB012882 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Denied | Does not reveal any work product |
| RB012941– RB012942 | Attorney–Client | Sustained/ Denied | Sustained for second sentence, which reveals confidential communication made in furtherance of legal services; denied for remainder |
| | Work Product | Denied | Not because of litigation |
| RB012983– RB012985 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB012994 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB013014 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013050 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB013168– RB013169 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB013180 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013189– | Attorney–Client | Sustained | Reveals confidential communication made in |

| | | | |
|---|---|---|---|
| RB013190 | | | furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013269 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013281–RB013283 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013354–RB013355 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013453–RB013458 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013459–RB013487 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013488–RB013493 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013494–RB013503 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013504–RB013508 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013513–RB013514 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013515–RB013516 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013545 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB013688–RB013696 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013699 | Work Product | Sustained | Opinion work product |
| RB013701–RB013704 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013705–RB013711 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013712–RB013713 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013715–RB013716 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013717–RB013718 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013719–RB013720 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013721– | Attorney–Client | Sustained | Reveals confidential communication made in |

| | | | |
|---|---|---|---|
| RB013722 | | | furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013723–RB013724 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013725–RB013730 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013731–RB013742 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013743–RB013746 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013747–RB013753 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013754–RB013784 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013785–RB013790 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013795–RB013796 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013797 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013800–RB013803 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013855–RB013862 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013867–RB013871 | Work Product | Sustained | Opinion work product |
| RB013872 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013950 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB013951 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014115 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014116 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014117 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014193 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |

| | | | |
|---|---|---|---|
| | Work Product | Sustained | Opinion work product |
| RB014194–RB014197 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014224 | Attorney–Client | N/A | Innocuous. *See* footnote 3, *supra.* |
| | Work Product | | |
| RB014225 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014226 | Attorney–Client | N/A | Innocuous. *See* footnote 3, *supra.* |
| | Work Product | | |
| RB014227–RB014229 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014237 | Attorney–Client | N/A | Innocuous. *See* footnote 3, *supra.* |
| | Work Product | | |
| RB014238–RB014240 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014248 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014249 | Attorney–Client | Sustained | Innocuous. *See* footnote 3, *supra.* |
| RB014250–RB014251 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014270–RB014273 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014274–RB014276 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014277–RB014282 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014283–RB014288 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014291–RB014293 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014812–RB014813 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014814 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014817 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014818 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014819–RB014820 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014821– | Attorney–Client | Sustained | Reveals confidential communication made in |

| | | | |
|---|---|---|---|
| RB014822 | | | furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014844–RB014846 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| RB014941–RB014942 | Work Product | Sustained | Opinion work product |
| RB014944–RB014948 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014950 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014969–RB014972 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB014990–RB015016 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB015277–RB015280 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| RB015282–RB015284 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| B1DP000894 | Attorney–Client | Denied | Does not reveal confidential communication made in furtherance of legal services |
| | Work Product | Sustained | Opinion work product |
| B1DP001407 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |
| B1DP001445 | Attorney–Client | Sustained | Reveals confidential communication made in furtherance of legal services |

In addition to the documents in the above chart, the SSA submitted two unbates-numbered documents referenced on its supplemental March 17, 2005 privilege log. These documents were the subject of *Plaintiff's Rule 37 Motion to Compel Production of Documents,* the resolution of which was stayed by my November 1, 2005 order pending *in camera* review of the two documents at issue. *Banks v. Office of the Senate Sergeant-at-Arms,* No. 03–56 (D.D.C. Nov. 1, 2005) (order). The SSA asserted the work product privilege for both documents on the ground that they reveal information that its counsel gathered during interviews conducted in anticipation of litigation. After reviewing these documents *in camera,* I find that they are an SSA employee's notes of a conversation with counsel and that the notes expressly state what counsel asked another employee and what counsel learned from that other employee during the course of conducting interviews because of the present litigation. As previously discussed, counsel's wit-ness interviews are opinion work product. Accordingly, I will sustain the SSA's claim of work product protection for these two documents and plaintiff's motion to compel will now be denied.

## II. MOTION TO EXPEDITE AND SET SCHEDULE

Plaintiff has moved the Court to "expedite the last of discovery in this matter" and to set a schedule for the filing of dispositive motions. However, in so moving, plaintiff does not explain what discovery remains outstanding. Nor does plaintiff propose a schedule for completing discovery or for filing dispositive motions. Therefore, in lieu of setting such deadlines, I will order the parties to meet and confer regarding the completion of discovery and the filing of dispositive motions and to file with the Court, no later than fourteen days from the date of this memorandum opinion, a joint proposed scheduling order.

## CONCLUSION

For the reasons stated herein, I will order defendant to produce, within 10 days of this memorandum opinion, all of the documents as to which its claim(s) of work product protection and attorney-client privilege have been denied. As to those documents for which the court has sustained the SSA's claims of privilege in part, defendant shall produce redacted versions of the materials to plaintiff. As to document number RB002326–RB002345, the SSA shall submit *in camera*, within 10 days of this opinion, a statement as to why it contends that it is protected by the attorney-client privilege.

## ORDER

In accordance with the accompanying memorandum opinion, it is, hereby, **ORDERED** that

1. Defendant's claims of attorney-client privilege and work product protection for the documents submitted *in camera*, pursuant to this Court's November 1, 2005 order, are sustained in part and denied in part. Defendant shall produce to plaintiff, within ten days of the date of this order, all documents for which neither a claim of attorney-client privilege nor a claim for work product protection is sustained; and it is further **ORDERED** that

2. Defendant shall submit *in camera*, within ten days of this opinion, a statement as to why it contends that document number RB002326–RB002345 is protected by the attorney-client privilege; and it is further **ORDERED** that

3. *Plaintiff's Rule 37 Motion to Compel Production of Documents* [# 193] is **DENIED;** and it is further **ORDERED** that

4. *Plaintiff's Unopposed Motion to Expedite Decision for Production of Non–Privileged Documents and to Set Schedule for Summary Judgment Briefing and Memorandum in Support* [# 199] is **DENIED;** and it is further **ORDERED** that

5. The parties shall meet and confer regarding the completion of discovery and the filing of dispositive motions and file with the Court, no later than fourteen days from the date of this order, a joint proposed scheduling order.

**SO ORDERED.**